[Civ. No. 10125.   Third Dist.   Sept. 13, 1961.]

MARTIN A. SPYRES et al., Respondents, v.
DARRELL OLSON, Appellant.

Gant and Gant, Warren Gant and Edward C. Keller for
Appellant.

Zeff, Halley & Price and E. Dean Price for Respondents.

PEEK, J.—This is an appeal from a judgment in the
amount of $5,000 entered upon a jury verdict in an action
for damages for the poisoning of plaintiffs' cattle by de-
fendant.

Plaintiffs, residing in a rural area, are engaged in farming,
as well as the feeding of beef cattle. Defendant is a crop
duster. While the latter was engaged in spreading insecticide
on an orchard immediately adjacent to plaintiffs' property,
the insecticide drifted onto plaintiffs' feed lot. As a result,
alfalfa, which plaintiffs were then feeding to their cattle, be-
came contaminated, causing the cattle to become ill. The cattle
in question were being readied for market sometime around

544

September 15, but because of the poisoning they lost weight and could not be sold until the months of October and November.

Defendant's sole attack upon the judgment is that "the record fails to indicate wherein damages in the amount of $5,000 have been shown." In support of such contention he proceeds to itemize plaintiffs' damages, using evidence most favorable to himself, and arrives at a figure less than the amount awarded by the jury. In so doing, he computes plaintiffs' loss due to the drop in the market price in steers, between the time they ordinarily would have been sold in September and the time they actually were sold in October and November on the basis of $23 per hundredweight, whereas the record contains evidence from which the jury could have found that the cattle could have been sold in September for $24.50 per hundredweight had they not been poisoned. Using the figure of $24.50, plaintiffs' loss due to the drop in the market price would have been approximately $500 in excess of the jury's verdict of $5,000, rather than approximately $700 less than $5,000 computed on the $23 price used by defendant.

The rule is too well established to warrant citation of authority that questions of fact are within the sole province of the jury and its conclusion, when based upon substantial evidence, is binding on a reviewing court.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.